CITIES SERVICE SECURITIES COMPANY, A CORPORA-
TION, PLAINTIFF, v. WILLIAM W. McFARLAND, DE-
FENDANT.

Decided April 20, 1932.

For the plaintiff, *John Milton*.

For the defendant, *Murray D. Welch*.

ACKERSON, S. C. C.   This matter comes before me upon a motion to strike out the defendant's answer upon the grounds that the body of the answer, and the four separate defenses, do not set forth any legal defense to the amended complaint, and that the denials contained in the body of said answer as sham.

The amended complaint seeks to recover damages for the breach of a contract alleged to have been made between Cities Service Securities Company and William W. McFarland, a copy of which is attached to the amended complaint and made a part thereof, and provides as follows:

"The undersigned, owner of four thousand four hundred and twenty-four shares of the capital stock of Warner-Quinlan Company (a Maine corporation), which are this day being transferred to Cities Service Securities Company in exchange for two thousand two hundred and twelve shares of the common capital stock of Cities Service Company (a Delaware corporation), does hereby agree, as consideration for such exchange, that none of said shares of Cities Service Company common stock will be sold or disposed of at any time within one year from the date hereof, unless said shares are first

offered for sale to Henry L. Doherty & Company, fiscal agents for Cities Service Securities Company, at their office at No. 60 Wall street, New York City, who shall have the right and option to purchase the whole or any part of the shares so offered at a price equal to one point under the price of the last sale of said Cities Service Company common stock on the New York curb exchange on the day on which said stock is offered to Henry L. Doherty & Company; and said Henry L. Doherty & Company shall have until twelve o'clock noon of the following day to determine whether or not to exercise such option. If Henry L. Doherty & Company shall fail to exercise said option so to purchase by twelve o'clock noon of the day following such offer, then the undersigned shall have the right during the balance of that same day in which Henry L. Doherty & Company failed to exercise such option, to dispose of the shares so offered, as he is in his uncontrolled discretion may determine. But if the undersigned does not sell such shares so offered during the balance of said day, then they must be reoffered to Henry L. Doherty & Company, in the same manner, before said shares can be sold on any subsequent day during the period of one year from the date hereof. If any shares of Cities Service Company common stock are sold by the undersigned in violation of this agreement, Henry L. Doherty & Company shall have the right and option at any time within sixty days after the discovery thereof, to tender to the undersigned the number of shares of Warner-Quinlan Company capital stock above mentioned, and thereupon Henry L. Doherty & Company shall become entitled to demand and receive from the undersigned, and the undersigned agrees to deliver to Henry L. Doherty & Company, the number of shares of Cities Service Company common stock above mentioned.

Dated, New York, February 27th, 1931.

 Witness:

  H. C. Reigby.     W. W. McFarland."

The breach of the contract alleged in the amended complaint is that the defendant, McFarland, sold the shares of

stock of the Cities Service Company, transferred to him pursuant to said agreement, within one year from the date of the agreement, without first offering the same for sale to Henry L. Doherty & Company, fiscal agents for Cities Service Securities Company, as required by the aforesaid agreement.

For convenience we will consider the separate defenses first before disposing of the body of the answer. The first separate defense alleges that the complaint does not disclose a cause of action for one or more of the following reasons:

(a) "No facts are alleged upon which the court can lay any basis for the assessment of damages."

It is sufficient answer to this contention that from the breach of a contract damages are presumed and the plaintiff is entitled to recover at least nominal damages. *New Jersey School and Church Furniture Co.* v. *Board of Education,* 58 *N. J. L.* 646; 35 *Atl. Rep.* 397.

(b) "No facts are alleged to show when and where the alleged contract was breached."

It is sufficient to say that the complaint adequately sets forth the cause of action which is the basis of this suit under the existing practice.

(c) "No facts are alleged to show how the plaintiff has been damaged by the alleged breach by the defendant."

As already noted the breach of the contract, being fully alleged in the complaint, the plaintiff would be entitled to nominal damages at least. The defendant would be fully protected by a bill of particulars, inasmuch as the complaint alleges that the "plaintiff demands as damages the sum of $30,000."

(d) "No facts are alleged to show what, if any, interest the plaintiff has in the alleged contract."

This defense raises the principal question set up by the answer. A copy of the contract is incorporated in the amended complaint and this very clearly shows that the basis of the contract was an exchange by the Cities Service Securities Company of two thousand two hundred and twelve shares of Cities Service Company common stock to the defendant, William W. McFarland, in exchange for four thousand four

hundred anf twenty-four shares of the capital stock of the Warner-Quinlan Company. McFarland expressly agreed as consideration for such exchange that none of the shares of the Cities Service Company stock would be sold or transferred at any time within one year from the date of the contract unless such shares were first offered for sale to "Henry L. Doherty & Company, fiscal agents of Cities Service Securities Company." This is enough to show that the interest of Cities Service Securities Company in the contract was that of a principal and that Henry L. Doherty & Company was merely an agent. Since these facts appear from the contract itself, the Cities Service Securities Company is the proper plaintiff in this case.

(e) "No facts are alleged to show that the plaintiff has suffered any monetary damages."

This is not so for the reasons above stated. All of the first separate defense will therefore be stricken out, as not setting forth a legal defense.

The second separate defense alleges that "the paper set forth as *Exhibit A* to the amended complaint is so vague, indefinite and uncertain, that it does not constitute a valid and binding contract."

An examination of the copy of the contract annexed to the complaint shows that it has all the essentials of a valid contract and is not vague, indefinite and uncertain. The second separate defense will, therefore, be stricken out as not disclosing a legal defense to the amended complaint.

The third separate defense is to the effect that the restrictions placed upon the defendant regarding the sale of the capital stock of the Cities Service Company transferred to him constituted an unlawful restraint upon the sale and transfer of personal property so as to make the said contract wholly void. It is unnecessary to discuss this contention because the plain wording of the contract will not sustain the proposition.

The fourth separate defense asserts that the alleged contract between the plaintiff and defendant lacks mutuality and is therefore not binding upon the defendant. It is true that the contract is not signed by the plaintiff, but it is con-

ceded that the stock agreed to be exchanged was actually delivered and accepted on each side and the plaintiff then, by full performance on its part, supplied the executed consideration for defendant's promise not to sell the stock without first offering it to the plaintiff's agent, thereby establishing mutuality under the rule laid down in *Atlantic Pebble Co.* v. *Lehigh Valley Railroad Co.*, 89 *N. J. L.* 336; 98 *Atl. Rep.* 410. Having been acted upon by the plaintiff, the contract became binding. 13 *C. J.* 339, § (12).

Turning now to the denials contained in the body of the answer, I find that most of them turn on the question of whether or not the present plaintiff has any interest in the contract so as to bring the present action thereon. As this has already been answered in the affirmative, it would appear that such denials are sham.

It should be further noted that the defendant, in the body of the answer, denies that he sold the stock in question in violation of the agreement but admits that said shares were sold in the months of April and May, 1931. In his affidavit accompanying this motion the defendant asserts that said sale was by or on behalf of the New Jersey National Bank and Trust Company, which held such shares as collateral security for a loan to the defendant, and that the lien of the bank was superior to the rights, if any, of the plaintiff, and that the sale of said shares by said bank was in violation of an understanding between the bank and the defendant that the bank would, before selling said stock, offer it to Henry L. Doherty & Company. Conceding all of this to be true, it would constitute no defense to the present action, for the defendant expressly contracted that none of said stock would be sold or disposed of within one year without first offering it for sale to Henry L. Doherty & Company, as fiscal agents for the plaintiff herein. The plaintiff could not be deprived of its rights under this contract by the defendant's dealings with the aforesaid bank or because of any understanding between them respecting the shares in question.

The defendant in his affidavit further alleges that the "two thousand two hundred and twelve shares of Cities Service

Company stock at the time of the exchange thereof for the stock of Warner-Quinlan Company was so exchanged subject to the lien of the New Jersey National Bank and Trust Company, which was prior to the rights and liabilities expressed in the paper annexed to the complaint." In the first place this matter is not set up in defendant's answer, and even if it had been, it would not be a valid defense as an attempt to vary a written instrument by parole. *Naumberg* v. *Young,* 44 *N. J. L.* 331.

The affidavit does not attempt to show that there was any modification of the agreement in question by any writing, and at the argument it was conceded that such was not the fact.

The denial of damages, while not effective as against nominal damages under the circumstances, nevertheless does raise a question of fact respecting substantial damages, which should be passed upon by a jury.

The entire answer, including the separate defenses, will, therefore, be stricken out for the reasons hereinbefore stated, except paragraph 6 which denies the damages, and as a term for allowing such denial to stand, the case will be put on the commercial calendar for May, 1932, without further notice, and no costs will be allowed on this motion.